# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND CHILDS,<br>Plaintiff,<br>v.<br>JEFF TURNER, et al.,<br>Defendants. | Case No. 1:16-cv-00974-LJO-SAB<br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1)<br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF AN AMENDED CIVIL RIGHTS COMPLAINT FORM |

Plaintiff Raymond Childs ("Plaintiff") is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint filed on July 7, 2016, and Plaintiff's supplement filed on July 15, 2016. (ECF Nos. 1, 3.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners proceeding pro per who are seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Even if § 1915A does not apply—as, for example, occurs when the prisoner-plaintiff does not seek redress from a governmental entity or officer or employee of a governmental entity— § 1915 permits the court to review a complaint filed in forma pauperis, and dismiss the action if the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief

may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court applies the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

**II.**

**PLAINTIFF'S COMPLAINT**

Plaintiff names officials at MSNBC, NBC Universal, and 44 Blue Productions as defendants. Plaintiff alleges that staff members at 44 Blue Productions obtained or purchased footage of him from Corcoran Prison, and that they, along with staff members of MSNBC and NBC Universal, broadcast the footage on the reality TV show, Lock-up. Plaintiff alleges that the footage was broadcast without his consent. Plaintiff alleges that the footage is of him voicing a complaint while at Corcoran. Plaintiff seeks some of the profits that were made from using the footage of him.

**III.**

**DISCUSSION**

Plaintiff attempts to assert a claim under 42 U.S.C § 1983 for the violation of his civil

rights. To state a claim under § 1983, Plaintiff "must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law." Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001). Under § 1983, a plaintiff must establish that there was (1) a violation of a Constitutional right or of a right created by Federal statute, (2) proximately caused, (3) by conduct of a person, (4) acting under the color of state law. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

**A. State Actor**

As an initial matter, Plaintiff fails to allege facts that plausibly support the conclusion that Defendants were "acting under color of state law." "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State ... or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' " West, 487 U.S. at 49 (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982)).

Generally, private conduct is not considered government action unless "something more" is present. Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir.1999) (quoting Lugar, 457 U.S. at 939). "Courts have used four different factors or tests to identify what constitutes 'something more': (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." Sutton, 192 F.3d at 835–36 (citations omitted).

"Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." Lee v. Katz, 276 F.3d 550, 554–55 (9th Cir. 2002) (internal quotation marks omitted). "The public function test is satisfied only on a showing that the function at issue is 'both traditionally and exclusively governmental.' " Kirtley v. Rainey, 326 F.3d 1088, 1093 (9th Cir. 2003) (quoting Lee, 276 F.3d

at 555). Defendants are employees of MSNBC, NBC Universal, and 44 Blue Productions, which are private companies. Defendants' alleged actions with respect to filming and broadcasting footage of Plaintiff do not encompass the exercise of powers traditionally reserved exclusively to the state. Therefore, the Court finds that Plaintiff has not alleged facts to satisfy the public function test.

The joint action test focuses on "whether the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity." Kirtley, 326 F.3d at 1093 (citation and internal quotations omitted). "Thus, the joint action test will be satisfied when the actions of the state and the private party are intertwined or the parties have a symbiotic relationship." Id. (citation omitted). The joint action test is satisfied when a plaintiff plausibly shows an agreement or conspiracy between a government actor and a private party. Id. (citations omitted). However, conclusory allegations of conspiracy with a state actor are insufficient. Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). Plaintiff does not allege that the actions taken by Defendants are intertwined with the actions of the state or that Defendants and the state have a symbiotic relationship. Therefore, the Court finds that Plaintiff has not alleged facts to satisfy the joint action test.

State action may be found under the state compulsion test where the state has "exercised coercive power or has provided such significant encouragement, either overt or covert, that the [private actor's] choice must in law be deemed to be that of the state." Blum v. Yaretsky, 457 U.S. 991, 1004 (1982); Kirtley, 326 F.3d at 1094. However, "[m]ere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives." Blum, 457 U.S. at 1004-1005. In his complaint, Plaintiff does not allege action attributable to the state. Plaintiff does not allege that the state exercised coercive power or provided encouragement to Defendants, or such that Defendants' choices are those of the state. Therefore, the Court finds that Plaintiff has not alleged facts to satisfy the governmental compulsion or coercion test.

Under the nexus test, three factors are used to determine if a nexus exists: (1) if the

private company gets funding from the State, (2) if the private company is highly regulated, and (3) does the company perform a function that is "traditionally the exclusive prerogative of the State." Rendell–Baker v. Kohn, 457 U.S. 830, 842 (1982) (quoting Jackson v. Metropolitan Edison Co., 419 U.S 345, 353 (1974)). Here, Plaintiff has not alleged that Defendants or their companies get funding from the state, that the companies are highly regulated, or that the videotaping and broadcasting of inmates on TV is traditionally the exclusive prerogative of the state. Therefore, the Court finds that Plaintiff has not alleged facts to satisfy the nexus test.

In sum, Plaintiff has not alleged sufficient facts that the private action by Defendants satisfies the public function, joint action, governmental compulsion or coercion, or governmental nexus tests. Therefore, the Court finds that Plaintiff has not sufficiently alleged that Defendants are state actors under § 1983. Accordingly, Plaintiff fails to state a cognizable claim against Defendants.

**B. Section 1983 Linkage**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. See Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. See Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff fails to link Defendants with any affirmative act or omission giving rise to an alleged constitutional violation. In Plaintiff's complaint, he states that staff members of 44 Blue Productions, NBC Universal, and MSNBC broadcast the footage of him on the reality TV show Lock-up. It appears that Plaintiff just went on the website for 44 Blue Productions and NBC

Universal, and then named executives of these companies as defendants in this action. Therefore, Plaintiff fails to allege the linkage required for a § 1983 claim.

**C. Supervisory Liability**

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

To the extent Plaintiff seeks to impose supervisory liability against Defendants, Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against any of the Defendants. The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

**D. Constitutional Right**

Plaintiff's complaint also does not allege a violation of a right secured by the Constitution or laws of the United States. As an initial matter, to state a claim arising under federal law, it must be clear from the face of the complaint that there is a federal question. See Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997).

In a March 7, 2016 letter to 44 Blue Productions, which was attached to the complaint, Plaintiff stated that he contends that 44 Blue Productions violated his civil rights and deprived him of his rights to be compensated under color of law. (ECF No. 1 at 29.) In the March 7, 2016 letter, Plaintiff also stated that he is entitled to compensation for the use of his image/person under "State Penal Codes § 2600-02 Civil Rights and § 28 U.S.C. § 1983." (ECF No. 1 at 29.) Even when the complaint is liberally construed, it only states that Plaintiff suffered a violation of 42 U.S.C. 1983 for 44 Blue Production and NBC Universal's use of Plaintiff's

image.

Cal. Penal Code § 2600 provides that a person imprisoned in state prison "may during that period of confinement be deprived of such rights, and only such rights, as is reasonably related to legitimate penological interests." However, the California Penal Code is not a federal constitutional right.

Plaintiff does not allege the existence of a federal right that would be sufficient to trigger section 1983 liability. Section 1983 provides a civil action against state actors who violate federal constitutional or federal statutory rights, not state law. See 42 U.S.C. § 1983.

**IV.**

**ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The Clerk's Office shall send Plaintiff an amended civil rights complaint form. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. If Plaintiff wishes to allege the facts that he alleges in his letter dated July 6, 2016 (ECF No. 3), he must allege those facts in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 17, 2016**

UNITED STATES MAGISTRATE JUDGE