# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAYMOND CHILDS,

Plaintiff,

v.

JEFF TURNER, et al.,

Defendants.

Case No. 1:16-cv-00974-LJO-SAB (PC)

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION PURSUANT TO FED. R. CIV. P. 41(b)

(ECF No. 8)

OBJECTIONS DUE WITHIN THIRTY DAYS

## I.

## PROCEDURAL BACKGROUND

On July 7, 2016, Plaintiff Raymond Childs, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. The complaint was screened and the undersigned found that it did not state any cognizable claims, but granted Plaintiff leave to file an amended complaint. (ECF No. 6.) On August 31, 2016, Plaintiff filed a first amended complaint. (ECF No. 7.) On September 23, 2016, Plaintiff's first amended complaint was screened and found to not state a cognizable claim. (ECF No. 8.) Plaintiff was granted one final opportunity to file an amended complaint within thirty days from the date of service of the September 23, 2016 order to cure the discrepancies identified in the order. More than thirty days have passed since the service of the September 23, 2016 order and Plaintiff has failed to file an amended complaint or otherwise respond to the Court's September 23, 2016 order.

**II.**

**DISCUSSION**

Rule 41 of the Federal Rules of Civil Procedure allows a court to involuntarily dismiss an action if the plaintiff fails to prosecute the action or fails to comply with a court order. Fed. R. Civ. P. 41(b). Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file an

amended complaint within thirty days of service of the September 23, 2016 order. Plaintiff has been provided with the legal standards that would apply to his claims and the opportunity to file an amended complaint. Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's September 23, 2016 order. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's September 23, 2016 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to state a claim." (ECF No. 8 at 9.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order and his failure to state a claim.

**III.**

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, for Plaintiff's failure to prosecute and failure to state a claim.

These findings and recommendations are submitted to the district judge assigned to this

action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 14, 2016**

UNITED STATES MAGISTRATE JUDGE